## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SANDRA J. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 04-2513-KHV |
| ALLEN D. SEIB, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Sandra J. Patterson filed this personal injury suit against Allen D. Seib for injuries which she sustained in an automobile accident. This matter is before the Court on Defendant Allen D. Seib's Motion For Summary Judgment (Doc. #29) filed August 29, 2005. For reasons stated below, defendant's motion is overruled.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743

(10th Cir. 1991).  Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party may not rest on its pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment."  Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.  Anderson, 477 U.S. at 250-51.  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."  Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52.

The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint.  See Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994).  While *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993).  The Court may not assume the role of advocate for a *pro se* litigant.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991).

## Factual Background

The following facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to plaintiff, the non-movant.

On October 19, 2002, defendant's vehicle collided with a car which plaintiff was driving. Plaintiff alleges that she was injured because of defendant's negligence. At the time of the accident, however, plaintiff did not suffer any visible sign of injury such as bruising, blood, cuts or abrasions.

The amended scheduling order required plaintiff to disclose expert witnesses and provide expert reports by June 1, 2005. Plaintiff did not disclose any experts or provide any reports. On July 11, 2005, in response to defendant's interrogatories, plaintiff stated that Dr. Ann Karty, her treating primary care physician, is expected to testify about her injuries, her physical condition before the car accident and the fact that the car accident caused plaintiff's physical and mental injuries. See plaintiff's answers to defendant's opening interrogatories, No. 19, attached as Exhibit C to Defendant Allen D. Seib's Memorandum In Support Of His Motion For Summary Judgment (Doc. #30) filed August 29, 2005. Plaintiff also stated that Dr. Joe Meyers, her treating urologist, is expected to testify that the car accident could jar a kidney stone loose and that the accident worsened her physical condition. See id.

## Analysis

Defendant seeks summary judgment because plaintiff did not timely designate an expert or provide expert reports on the issue of causation. Under Rule 26(a)(2)(A), Fed. R. Civ. P., and the amended scheduling order, plaintiff was required to disclose by June 1, 2005 the identity of all individuals who might be called at trial to offer testimony under Rules 702, 703 or 705 of the Federal Rules of Evidence.

- 3 -

Plaintiff's counsel withdrew from this case in May of 2005.  Plaintiff, proceeding *pro se*, did not comply with the June 1, 2005 deadline, but defendant requested expert witness information in interrogatories which he apparently submitted in June of 2005.  On July 11, 2005, plaintiff responded to defendant's interrogatories and provided the information required by Rule 26(a)(2)(A).  Trial of this case is currently scheduled for February 21, 2006.  Defendant does not allege and the Court cannot find that plaintiff's untimely disclosure caused prejudice to defendant.  Any failure to timely disclose experts therefore was harmless and the Court would therefore decline to exclude the testimony of such experts on the ground of untimeliness under Rule 26(a)(2)(A).

Under Rule 26(a)(2)(B), Fed. R. Civ. P., and the amended scheduling order, plaintiff was required to disclose an expert report with respect to any witness who was retained or specially employed to provide expert testimony in this case.  In general, treating physicians testifying only to the care and treatment afforded to a party are excluded from the requirements of Rule 26(a)(2)(B) because they are not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B); Wreath v. United States, 161 F.R.D. 448, 449-50 (D. Kan. 1995).  When the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop opinion testimony, he becomes subject to the provisions of Rule 26(a)(2)(B).  Id.  Based on plaintiff's answers to defendant's interrogatories, the scope of the testimony of plaintiff's treating physicians appears limited to the facts made known to them during the course of the care and treatment of plaintiff.  Therefore no expert reports are necessary unless plaintiff intends to elicit testimony from her treating physicians which goes beyond the facts made known to them during the course of her care and treatment.  If so, as to such opinions, plaintiff shall provide defendant a

written report under Rule 26(a)(2)(B) on or before **December 1, 2005**.

Defendant argues that because plaintiff suffered no visible sign of injury, expert testimony is required to establish a causal connection between the accident and her injuries. As explained above, plaintiff may be able to offer expert testimony from her treating physicians which addresses causation. In addition, causation is a question of fact which can be determined in some cases without expert testimony. Wicina v. Strecker, 242 Kan. 278, 280-81, 747 P.2d 167, 170 (1987). An expert witness is not required if the causation element would be apparent to the average layman from common knowledge or experience. Hare v. Wendler, 263 Kan. 434, 440, 442, 949 P.2d 1141, 1146-47 (1997). From the present record, the Court cannot conclude as a matter of law that the issue of causation is beyond the common knowledge or experience of an average layman.

Defendant also argues that plaintiff must provide expert testimony on the necessity and reasonableness of her medical expenses. Such issues are closely related to the issue of causation. If plaintiff can establish that defendant caused her injuries, the necessity and reasonableness of her treatment likely will be apparent absent further testimony. To the extent further testimony is required on these issues, plaintiff and her treating physicians can testify that the medical expenses were necessary and reasonable. The Court therefore overrules defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendant Allen D. Seib's Motion For Summary Judgment (Doc. #29) filed August 29, 2005 be and hereby is **OVERRULED**. If plaintiff intends to elicit testimony from treating physicians which goes beyond the facts made known to them during the course of her care and treatment, plaintiff shall provide defendant a written report under Rule 26(a)(2)(B) on or before **December 1, 2005**.

Dated this 7th day of November, 2005, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge